## Stouffer v. Eastern Motor Dispatch, Inc.

*Christian R. Gingrich*, for plaintiff.
*Siegrist, Koller & Siegrist*, for defendant.

EHRGOOD, P. J., September 11, 1951.—This matter is before the court on preliminary objections to plaintiff's bill of complaint. Plaintiff's bill of complaint avers, inter alia, that the sum of $342.90 is due from above-named defendants. Defendant, Eastern Motor Dispatch, Inc., files the preliminary objections alleging that this defendant was improperly served, and praying the court that service thereof should be set aside.

The complaint further avers that on September 7, 1947, plaintiff was the owner and operator of a White tractor and trailmobile trailer and that the same was being operated on United States Route No. 22 east of Harrisburg, near the Village of Frederickstown, Pa., where it was damaged by a Dodge tractor-trailer combination operated by Walter J. Wolfe, one of the defendants, who was engaged in and about the business of the Eastern Motor Dispatch, Inc., hauling the trailer loaded with merchandise and engaged in its business as a common carrier.

Plaintiff further avers that the Dodge tractor, owned by Walter J. Wolfe, and the trailer owned by the Eastern Motor Dispatch, Inc., was off the extreme hard surface portion of United States Route No. 22, unable to proceed or back until Wolfe requested plaintiff to use his White tractor-trailer to pull the Dodge tractor and trailer on to the highway. Pursuant to this request plaintiff pulled the tractor-trailer back on the main highway, but defendant, Wolfe, negligently backed his trailer into the tractor owned by plaintiff.

Plaintiff further avers that immediately after the collision defendant Wolfe admitted his negligent operation of the motor vehicle, and assumed all damages sustained by plaintiff.

The complaint further avers that plaintiff is a resident of Somerset County, Pa.; defendant Wolfe is a resident of the State of New York, and Eastern Motor

Dispatch, Inc., is a corporation with its offices in Columbus, Ohio.

A stipulation of counsel for the parties in interest was later filed providing, inter alia, that the collision, aforesaid, occurred near the Village of Fredericksburg, Lebanon County, Pa., and that the Dodge tractor-trailer combination, operated by said Wolfe, was engaged in and about the business of Eastern Motor Dispatch, Inc., hauling a trailer loaded with merchandise and engaged in its business as a common carrier.

Defendant Eastern Motor Dispatch, Inc., filed preliminary objections containing the following pertinent averments:

Plaintiff attempted to obtain service on this defendant, under The Vehicle Code, by service on the Secretary of Revenue of the Commonwealth, by registered mail of a copy of the bill of complaint, with endorsement thereon of the service upon the Secretary of Revenue of the Commonwealth, directed to its principal office of business in the State of Ohio.

This service is improper in that by its own terms The Vehicle Code applies only to nonresidents who:

(a) operate cars in Pennsylvania;

(b) are owners of cars who have them operated in Pennsylvania.

Eastern Motor Dispatch, Inc., was not the owner, but the lessee of the tractor involved, nor was it the operator, the tractor being operated by Walter J. Wolfe, the other defendant.

Plaintiff contends that the trailer being attached to a tractor and being drawn by it becomes part of the motorized equipment so as to be incorporated with it and thereby be brought under the province of the act relating to service upon nonresident owners and operators of motor vehicles in Pennsylvania. Defendant, Eastern Motor Dispatch, Inc., contends that it was

neither the owner nor operator of the tractor involved in the accident. The tractor was owned and operated by defendant Wolfe, and Eastern Motor Dispatch, Inc., was a lessee of the trailer attached to Wolfe's tractor (which is not denied by plaintiff).

Under the Act of May 14, 1929, P. L. 1721, inter alia, it was enacted that:

". . . Any non resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non resident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the Courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

The facts, admitted by the pleadings, indicate that defendant Wolfe was the owner and operator of the tractor to which the trailer of defendant Eastern Motor Dispatch, Inc., was attached, as well as the operator of the vehicle involved in the collision at the time that he backed the tractor and trailer into the tractor and trailer of plaintiff, as it was standing on the traveled portion of the highway and that the Eastern Motor Dispatch, Inc., was the lessee of the trailer, attached to Wolfe's tractor and which was operated, as aforesaid, by Wolfe, who was engaged in transporting goods of the defendant, Eastern Motor Dispatch, Inc.

One of the questions involved in this proceeding is whether the words "having the same operated" are sufficiently broad to cover additional defendant, for it is said to follow that where an automobile is being operated by some one who is engaged on the business of a lessee, the lessee is having it operated.

In Burns v. Philadelphia Transportation Co., Inc., et al., 44 D. & C. 654, also cited at 155 A. L. R. 341, it was held:

"The statute is only concerned with the operator of a motor vehicle or the owner of such a vehicle who is having it operated for him by somebody else. The clause 'having the same operated' refers to the non resident owner as an analysis of the language will indicate. We understand the section to mean that any non resident who is the operator or the owner of any motor vehicle, who shall accept the privilege extended by the laws to non resident operators of operating a motor vehicle or to non resident owners of having a motor vehicle operated for them shall by such acceptance, etc."

As the Eastern Motor Dispatch, Inc., is neither the operator nor the owner of the motor vehicle here involved, it does not come within the provisions of the statute and jurisdiction over it cannot be acquired by service on the Secretary of Revenue.

Plaintiff takes the position that when the tractor owned by defendant, Wolfe, was attached to the trailer leased by defendant Eastern Motor Dispatch, Inc., they became a single unit. However, under the facts in this case, they did not become a single unit owned or operated by defendant Eastern Motor Dispatch, Inc. As a matter of fact, the trailer had no motive power, the tractor had, and when the trailer was attached to the tractor, the combination constituted a single unit consisting of the tractor owned by Wolfe and the trailer merely leased by the other defendant.

And now, to wit, September 11, 1951, the rule to set aside the service of process upon Eastern Motor Dispatch, Inc., one of the defendants, is hereby made absolute.